[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Appellant James Saxton pleaded guilty to one count of gross sexual imposition. He was sentenced to fifteen months' incarceration and adjudicated a sexual predator, following a sexual offender classification hearing. In his sole assignment of error, Saxton challenges the weight of the evidence supporting his sexual-predator classification. Specifically he argues that the trial court should not have relied on the opinion of a psychologist, and that the remaining factors, without the psychologist's opinion, did not support classifying him as a sexual predator.
 {¶ 3} The state has the burden of proving that an offender has been convicted of committing a sexually-oriented offense and that the offender is likely to commit one or more future sexually-oriented offenses.[1] "Clear and convincing evidence is `that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'"[2]
 {¶ 4} A proper sexual-offender classification hearing requires the trial court to "(1) provide a record for appellate review that relates to the issue of whether the offender is likely to recidivate; (2) allow the presentation of expert opinion to assist the trial court in its determination; and (3) consider the ten factors listed in R.C. 2950.09(B)(2) and discuss the particular evidence and factors that relate to the determination regarding the likelihood of recidivism."[3]
 {¶ 5} Saxton submits that the Static 99 test used by a psychologist to determine his likelihood of committing future sexually-oriented offenses was unreliable, because it did not consider other factors, such as his history of abuse and alcohol use. He also contends that the Static 99 test results were invalid because his intellectual limitations invalidated the results of the Minnesota Multiphasic Personality Inventory-2 ("MMPI-2").
 {¶ 6} The Static 99 test is an actuarial assessment tool that evaluates certain historical conduct of an offender and then calculates the offender's recidivism risk. Saxton's score indicated that he was in the medium-to-high-risk category to reoffend. The Static 99 test, by its nature of looking at past behavior, does not necessarily require an offender to "comprehend" the test as required by the MMPI-2. Thus, there is no merit in that portion of Saxton's argument.
 {¶ 7} Saxton did not contest the reliability of the Static 99 test below. (Although we note that the Eighth Appellate District has questioned whether any weight should be given the test's results.[4]) Further, while the psychologist did not indicate that the test itself considered other aspects of the offender's history, the psychologist did note that Saxton was a chronic substance abuser and that Saxton alleged that he had been physically abused by his father and had been sexually abused by others. Consequently, the psychologist saw such factors as likely to increase Saxton's "unique risk" of reoffending.
 {¶ 8} The trial court reviewed the factors in R.C. 2950.09(B)(2) and gave weight to the following: (1) Saxton's lengthy record, including violent offenses; (2) Saxton's prior misdemeanor sexual-imposition conviction; (3) the victim's mental retardation and Saxton's low intellectual functioning; (4) Saxton's long history of substance abuse; (5) that Saxton was under the influence of alcohol at the time of he committed the offense; (6) Saxton's sexual history and sexual abuse; (7) his lack of interest in substance-abuse treatment; and (8) the results of the Static 99 test.
 {¶ 9} We have reviewed the record, including the transcript of the classification hearing, the psychologist's report and the presentence-investigation report. We hold that the weight of the evidence supports a finding that Saxton is likely to engage in one or more sexually-oriented offenses in the future. We overrule Saxton's assignment.
 {¶ 10} Therefore, the judgment of the trial court is affirmed.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Sundermann, P.J., Painter and Winkler, JJ.
[1] See R.C. 2950.01(E)(1); State v. Bowman, 1st Dist. No. C-020245, 2002-Ohio-6853, ¶ 15.
[2] See State v. Bowman at ¶ 15, quoting State v. Eppinger,91 Ohio St.3d 158, 163, 2001-Ohio-247, 743 N.E.2d 881.
[3] See State v. Bowman at ¶ 16.
[4] See State v. Ellison, 8th Dist. No. 78256, 2002-Ohio-4024, ¶ 9.